IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Nancy Irene Lamb, | ) | Case No.: 4:23-cv-5949-JD |
|                  Appellant, | ) | |
| vs. | ) | |
| | ) | **ORDER AND OPINION** |
| The Bank of New York Melon, | ) | |
|                  Appellee, | ) | |
| Kevin Campbell. | ) | |
|                  Trustee. | ) | |

This matter is before the Court with the Report and Recommendation ("Report") of United States Magistrate Judge Kaymani D. West, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) of the District of South Carolina.[1] (DE 23.) Appellant Nancy Irene Lamb ("Appellant" or "Lamb"), proceeding *pro se*, filed this action seeking to appeal an October 31, 2023, order denying Appellant's Motion for Continuance, and a November 3, 2023, order granting Appellee The Bank of New York Mellon's ("Appellee") Motion to Dismiss Appellant's bankruptcy filing. (DE 1.)

On December 4, 2023, the Court directed Appellant to pay the appropriate filing fee as required by Fed. R. Bankr. P. 8003 by December 27, 2023. (DE 7.) Appellant was warned that the failure to comply with the Court's order may subject the case to dismissal. (*Id.*) Appellant paid the filing fee on December 27, 2023. (DE 19.) On January 10, 2024, Appellant was directed to

---

[1]     The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

submit a designation of items to be included in the record on appeal and a statement of issues to be presented as required by Fed. R. Bankr. P. 8009. (DE 16.) Appellant was again warned that the failure to comply with the Court's order may subject the case to dismissal. (*Id.*) Appellant had until January 31, 2024, to submit a response to the Court's January 10 order, and Appellant did not respond.

The Report was issued on February 12, 2024, recommending that the Appellant's case be dismissed without prejudice for failure to prosecute. (DE 23.) On February 27, 2024, Appellant objected to the Report stating, among other things that she is "being held to the standard of a trained educated experienced bar licensed attorney." (DE 27, p.1.) Appellant adds that she is "desperately trying to defend [her]self and to properly adhere to Rules & Procedures." (*Id.*) However, to be actionable, objections to a report and recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See United States v. Schronce*, 727 F.2d 91, 94 & n. 4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues -- factual and legal -- that are at the heart of the parties' dispute.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (2005) (*citing Thomas v. Arn*, 474 U.S. 140 (1985)). "A general objection to the entirety of the magistrate judge's report is tantamount to a failure to object." *Tyler v. Wates*, 84 F. App'x 289, 290 (4th Cir. 2003). Absent specific objections to the Report and Recommendation of the magistrate judge, this Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Appellee filed a reply on February 29, 2024. (DE 29.)

Lamb's appeal is deficient because she failed to submit a designation of items to be included in the record on appeal and a statement of issues to be presented as required by Fed. R. Bankr. P. 8009. Lamb's objection fails to show how this finding is incorrect. In addition, Lamb has not offered a remedy to cure the deficiency or attempted to file any documents that could be construed to satisfy the rules. Without a record or statement of issues, the Court cannot address the merits of Lamb's claims. And so, given no other information has been submitted, dismissal without prejudice is the only sanction available. Accordingly, after a thorough review of the Report and Recommendation and the record, the Court adopts the Report (DE 23) and incorporates it here by reference.

It is, therefore, **ORDERED** that the Appellant's case is dismissed without prejudice under Fed. R. Civ. P. 41(b) for failure to prosecute.

**IT IS SO ORDERED**.

Joseph Dawson, III
United States District Judge

Florence, South Carolina
August 29, 2024

### NOTICE OF RIGHT TO APPEAL

Appellant is hereby notified that she has the right to appeal this order within thirty (30) days from this date, under Rules 3 and 4 of the Federal Rules of Appellate Procedure.